SHAREEF S. FARAG, SBN 251650
TODD J. CANNI, SBN 311199
MATTHEW J. GOODMAN, SBN 316286
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:      *sfarag@bakerlaw.com*
            *tcanni@bakerlaw.com*
            *mgoodman@bakerlaw.com*

*Attorneys for Defendant*
SANFORD FEDERAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA POSS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SANFORD FEDERAL, INC.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 2:25-cv-3924 <br><br> *[Los Angeles County Superior Court Case No. 25STCV09244]* <br><br> **DEFENDANT SANFORD FEDERAL, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** <br><br> *[Filed concurrently with Civil Cover Sheet; Certification and Notice of Interested Parties]* <br><br> Action Filed:      March 28, 2025 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant SANFORD FEDERAL, INC. ("Defendant") removes the action filed by ALEXANDRA POSS ("Plaintiff") in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Alexandra Poss v. Sanford Federal, Inc.,* Case No. 25STCV09244, to the United States District Court for the Central District of California.

## JURISDICTION AND VENUE

1.     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, as Plaintiff, in her Prayer for Relief, seeks "a total amount of damages *exceeding $3,000,000*." Ex. A, Complaint, Prayer for Relief (6) (emphasis added) .

2.     This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Specifically, the United States District Court for the Central District of California embraces Los Angeles County, California, which is the location of the state court in which Plaintiff brought this case and where it is pending.  Thus, this Court is the proper district court to which this case has been removed.  28 U.S.C. §§ 1441(b) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3.     On March 28, 2025, Plaintiff filed a civil action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Alexandra Poss v. Sanford Federal, Inc.,* Case No. 25STCV09244 (the "State Court Action").

4.     On April 2, 2025, Plaintiff served Defendant with copies of the Summons, Complaint and related State Court documents.  Pursuant to 28 U.S.C. §

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

1446(a), a true and correct copy of the Complaint served upon Defendant is attached to this Notice of Removal as **Exhibit A**. True and correct copies of all additional process, pleadings, and orders served upon Defendant are attached as **Exhibit B**. A true and correct copy of the Proof of Service of Summons is attached as **Exhibit C**.

5. Defendant filed its Answer in the State Court Action on May 2, 2025. A true and correct copy of Defendant's Answer is attached as **Exhibit D**.

6. Defendant is informed and believes that there has been no service of process upon Does 1 through 50, which are fictitious defendants and therefore properly disregarded for purposes of removal. 28 U.S.C. § 1441(a). Accordingly, Defendant is the only defendant needed to join and consent to this removal.

7. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this removal is timely because Defendant filed this Notice of Removal within 30 days of service of a copy of the Summons and Complaint in the State Court Action.

### DIVERSITY OF CITIZENSHIP

8. <u>Plaintiff's Citizenship</u>. As alleged in Plaintiff's Complaint, Plaintiff is a resident of the State of California. *See* Ex. A, ¶ 2.

9. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is presumed to be a person's domicile in the absence of contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Ayala v. Cox Automotive, Inc.*, No. CV 16-06341-GHK (ASx), 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016). Courts treat a person's residence as prima facie evidence of domicile. *See, e.g., District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Barbosa v. Transport Drivers, Inc.*, No. ED CV 15-1834-DMG (DTBx), 2015 WL 9272828, at *2 (C.D. Cal. Dec. 18, 2015).

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10. Accordingly, because Plaintiff, by her own admission, resides in California, and because there is no evidence that would indicate that Plaintiff's domicile is any state other than California, Plaintiff must be considered a citizen of California.

11. Defendant's Citizenship. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("*Hertz*"). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.*

12. Defendant is a corporation formed in and incorporated under the laws of the State of Virginia. Defendant's principal place of business is also in the State of Virginia, under the *Hertz* nerve center test, because this is the State where Defendant's officers direct, control, and coordinate the corporation's activities.[1] Accordingly, for purposes of diversity jurisdiction, Defendant is, and at all relevant times has been, a citizen of the State of Viriginia.

13. Doe Defendants. Although Plaintiff has also named fictitious defendants, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

---

[1] Defendant was headquartered in the State of Virginia at its physical office, located at 800 Corporate Drive, Stafford, Virginia 22554, until December 2024. Thereafter, the physical office was vacated, but Defendant's corporate officers still continue to work remotely out of, and are located in, the State of Virginia, including at the time this lawsuit was initiated. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (diversity is determined by the parties' citizenship at the time the complaint was filed).

3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

14.     <u>Diversity</u>.  Complete diversity of citizenship exists under 28 U.S.C. §§ 1332 because Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Virginia.

**AMOUNT IN CONTROVERSY**

15.     A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount.  *See, e.g., Cohn v. PetsMart, Inc.,* 281 F.3d 837, 839-40 (9th Cir. 2002).

16.     A removing defendant must only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a), 1446(c)(2)(B).  "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  Furthermore, it is an abuse of discretion for a district court to *sua sponte* remand a case back to state court without first giving the removing defendant an opportunity to show that the jurisdictional requirements are met.  *Academy of Country Music v. Continental Casualty Co.*, 991 F.3d 1059 (9th Cir. 2021).

17.     Plaintiff's Complaint asserts the following five causes of action against Defendant: (1) Retaliation in Violation of Public Policy, (2) Retaliation in Violation of Public Policy, (3) Retaliation in Violation of Public Policy, (4) Retaliation Pursuant to California Labor Code § 6310, and (5) Retaliation Pursuant to California Labor Code § 1102.5.  *See generally* Ex. A.

18.     Plaintiff's prayer for relief includes, among other things, special, general and compensatory damages, punitive damages, and attorneys' fees.  *See* Ex. A, Prayer for Relief (1), Prayer for Relief (2), Prayer for Relief (3).

4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

19. Without conceding that Plaintiff is entitled to or could recover damages in the amount or manner alleged, or at all, removal on the basis of diversity is proper here because Plaintiff explicitly seeks more than $75,000 in her Complaint. *See* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Specifically, in her Prayer for Relief, Plaintiff seeks "[f]or a total amount of damages ***exceeding $3,000,000***." Ex. A, Prayer for Relief (6) (emphasis added). Accordingly, the amount demanded in Plaintiff's Complaint exceeds $75,000. In addition to this, Plaintiff also claims entitlement to damages for additional, unspecified amounts in her Complaint. Defendant details calculations for these additional claims to further illustrate that the amount placed in controversy by Plaintiff's claims exceeds $75,000, exclusive of interest and costs.[2]

a. <u>Back Pay</u>. Plaintiff seeks back pay because, in her Complaint, she claims that Defendant has "cause[d] [Plaintiff] to suffer economic damages . . . . " and Plaintiff seeks "special, general, and compensatory damages according to proof at trial." Ex. A, ¶¶ 32, 44, 56, 64, 75, Prayer for Relief (1). Defendant employed Plaintiff from on or around July 2024 until December 10, 2024. *See* Ex. A, ¶¶ 14, 20. Plaintiff alleges that Defendant retaliated against her when it terminated her for what Plaintiff contends were pretextual attendance issues. *See* Ex. A, ¶ 20. The Emergency Medical Technician position that Plaintiff maintained paid twenty-five dollars per hour. "For purposes of determining the amount in

---

[2] The amount in controversy figures and calculations, as set forth below, are based on an assumption for purposes of removal *only* that the allegations of Plaintiff's Complaint regarding her theories of liability are true, but *without any type of express or implied admission* that the conduct alleged in the Complaint occurred, that Plaintiff has suffered any damages, and that such liability in fact exists. *See, e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

5

controversy, courts have considered back pay as the wages lost from the date of termination to the time of removal . . . ." *Olvera v. Quest Diagnostics*, No. 2:19-cv-06157-RGK-(SK), 2019 WL 6492246, at *2 (C.D. Cal. Dec. 2, 2019). Because Plaintiff claims that Defendant terminated her on December 10, 2024, it is reasonable to consider back pay as the wages Plaintiff lost from December 10, 2024 to the time of this removal—i.e., May 2, 2025. Plaintiff's back pay from the alleged failure to hire to the time of this removal would total approximately $19,000 ($25 x 40 hours per week x 19 weeks).

b.   Front Pay. Plaintiff also seeks front pay. In Plaintiff's Complaint, she claims that Defendant has "cause[d] [Plaintiff] to suffer economic damages . . . ." and Plaintiff seeks "special, general, and compensatory damages according to proof at trial." Ex. A, ¶¶ 32, 44, 56, 64, 75, Prayer for Relief (1). "For purposes of determining the amount in controversy, courts have considered . . . front pay as the wages lost from the date of removal until trial." *Olvera*, 2019 WL 6492246, at *2. "If a trial date has not been set, courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay." *Id.*; *see also Reyes v. Staples Office Superstore, LLC*, No. 19-CV-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept 3, 2019). Because a trial date has not been set in this action, a reasonable front pay estimate is a year from the date of this removal, which would total approximately $52,000 ($25 x 40 hours per week x 52 weeks).

c.   Emotional Distress Damages. Plaintiff seeks damages for emotional distress as a result of Defendant's alleged wrongful conduct. *See* Ex. A, ¶¶ 31, 43, 55, 63, 74, Prayer for Relief (1). Emotional distress damages are considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "To estimate emotional distress damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts." *Lehman v. Amazon.com Services, LLC*, No. 2:23-cv-02022-DAD-JDP, 2023

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

WL 8184932, at *4 (E.D. Cal Nov. 27, 2023).  Plaintiff does not specify an amount for such damages, but for purposes of this analysis only, Defendant conservatively estimates past and future emotional distress damages at $25,000.  The $25,000 assigned to Plaintiff's claim for emotional distress damages is reasonable in light of the value California juries have awarded for emotional distress damages in cases involving claims for retaliation.  *See e.g.*, *Ortega v. Carson Wild Wings LLC*, JVR No. 2004090009, 2020 WL 1812491 (Cal. Super. Ct. Feb. 11 2020) (awarding plaintiff $128,000 in emotional distress damages in action alleging retaliation claims for violation of California Labor Code §§ 98.6 and 1102.5 and a claim for wrongful termination in violation of public policy); *Nolasco, et al. v. Scantibodies Laboratory, Inc.*, JVR No. 1607140060, 2016 WL 3857877 (Cal. Super. Ct. June 23, 2016) (awarding plaintiff $200,000 in emotional distress damages and another plaintiff $350,000 in emotional distress damages in action involving claims asserted under California Labor Code § 1102.5); *Kolas v. Access Bus. Grp.*, 9 Trials Digest 11th 13, 2008 WL 496470 (Cal. Super. Ct. Jan. 14, 2008) (awarding $200,000 emotional distress damages based on claim that plaintiff was fired in retaliation for filing a workers' compensation claim).

d.      Punitive Damages.  Plaintiff also seeks punitive damages against Defendant as a result of Defendant's alleged wrongful conduct.  *See* Ex. A, ¶¶ 32, 44, 56, 64, 75, Prayer for Relief (2).  The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount-in-controversy where they are recoverable as a matter of law.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  Punitive damages are recoverable for retaliation claims asserted under the California Labor Code.  *See, e.g., Teutscher v. Woodson*, 835 F.3d 936, 956 (9th Cir. 2016) (affirming jury award of punitive damages in action alleging a claim for violation of California Labor Code § 1102.5); *Beyenhof v. Schwan's Consumer Brands, Inc.*, No. CV 22-192-MWF (RAO), 2023 WL 4203500, at *15 (C.D. Cal. April 17, 2023) ("Punitive damages

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

are available for Plaintiff's . . . claim for violation of Labor Code section 1102.5."). For purposes of determining the amount in controversy, Defendant conservatively estimates punitive damages at $75,000. The $75,000 assigned to Plaintiff's claim for punitive damages is reasonable because punitive damage verdicts on claims similar to Plaintiff's claims here typically exceed the $75,000 jurisdictional minimum on their own. *See, e.g.*, *Ortega*, 2020 WL 1812491 (Cal. Super. Ct. Feb. 11 2020) (awarding plaintiff $100,000 in punitive damages in action alleging retaliation claims for violation of California Labor Code §§ 98.6 and 1102.5 and a claim for wrongful termination in violation of public policy); *Casillas v. Central California Faculty Medical Group, Inc. D/B/A University North Medical Specialty Center*, JVR No. 1707100033, 2016 WL 9281429 (Cal. Super. Ct. Oct. 27, 2016) (awarding plaintiff $500,000 in punitive damages in action alleging claims for violation of California Labor Code § 1102.5 and wrongful termination in violation of public policy).

        e.      Attorneys' Fees. Plaintiff also seeks attorneys' fees. *See* Ex. A, at Prayer for Relief (3). When the underlying substantive law provides for an award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-418 (9th Cir. 2018) (the amount-in-controversy incorporates "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails," including attorneys' fees). Defendant conservatively estimates that, through trial, Plaintiff's attorneys' fees would be in excess of $50,000.

        f.      Total Amount in Controversy. As detailed above, without conceding that Plaintiff is entitled to or could recover damages in the amount or manner alleged, or at all, the amount-in-controversy exceeds $75,000, exclusive of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8

costs and interest. The above-specified amounts are at least equal to $221,000, not including the "amount of damages exceeding $3,000,000" that Plaintiff explicitly seeks in her Prayer for Relief. Ex A, Prayer for Relief (6). After including this amount into Defendant's amount in controversy estimate, Plaintiff seeks approximately $3,221,000.

The table below summarizes the amounts in controversy for the relevant claims:

| Damages claimed in Complaint | $3,000,000 |
|---|---|
| Back Pay Damages | $19,000 |
| Front Pay Damages | $52,000 |
| Emotional Distress | $25,000 |
| Punitive Damages | $75,000 |
| Attorneys' Fees Through Trial | $50,000 |
| Total Sum | $3,221,000 |

20. Plaintiff's claims collectively make it facially plain that Plaintiff is seeking more than the minimum amount of $75,000, exclusive of costs and interest, needed to meet the amount-in-controversy requirement. *See, e.g. Kroske*, 432 F.3d at 980 (finding, by preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

## **NOTICE OF INTERESTED PARTIES**

21. Pursuant to Local Rule 7.1-1 and Federal Rule of Civil Procedure 7.1, Defendant is filing a Certification and Notice of Interested Parties concurrently with this Notice of Removal.

///

///

9

DEFENDANT SANFORD FEDERAL, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# NOTICE

22. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

Respectfully submitted,

Dated: May 2, 2025      **BAKER & HOSTETLER LLP**

By: */s/ Shareef S. Farag*
SHAREEF S. FARAG
TODD J. CANNI
MATTHEW J. GOODMAN

*Attorneys for Defendant*
SANFORD FEDERAL, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10

# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/28/2025 10:26 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

JONATHAN J. DELSHAD, Bar No. 246176
LAW OFFICES OF JONATHAN J. DELSHAD, PC.
1663 Sawtelle Blvd., Suite 220
Los Angeles, CA 90025
Telephone:    424.255.8376
Fax:              424.256.7899
E-mail:  jdelshad@delshadlegal.com

Attorney for Plaintiff
ALEXANDRA POSS

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION

25STCV09244

ALEXANDRA POSS, an individual

    Plaintiff,

vs.

SANFORD FEDERAL, INC., and DOES 1-
50, Inclusive,

    Defendants.

Case No. XXXX

**COMPLAINT:**

1.    Retaliation in Violation of Public
Policy
2.    Retaliation in Violation of Public
Policy
3.    Retaliation in Violation of Public
Policy
4.    Retaliation Pursuant to Cal. Labor
Code § 6310
5.    Retaliation Pursuant to Cal. Labor
Code §1102.5

**DEMAND FOR JURY TRIAL**

- 1 -
COMPLAINT

## SUMMARY OF ACTION

1.      Defendant wrongfully terminated and retaliated against Plaintiff in violation of the California Labor Code §1102.5, California Labor Code §6310, and multiple instances of California public policy. These sections prohibit employers from terminating or retaliating against employees for engaging in protected activities such as reporting illegal or unsafe working conditions. Here, Plaintiff was terminated based on her complaints of unsafe working conditions and practices that Defendant engaged in. Plaintiff seeks to recover for this flagrant violation of law.

## PARTIES

2.      Plaintiff ALEXANDRA POSS ("Plaintiff") is an individual who resides in the State of California.

3.      Defendant, SANFORD FEDERAL, INC. is a Virginia corporation doing business in the state of California.

4.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50 (collectively with SANFORD FEDERAL, INC., the "Defendants" or "Defendant"), inclusive, and therefore sues these Does by such fictitious names under California Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.

5.      Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the occurrences herein alleged and that the injuries of Plaintiff as herein alleged have been proximately caused by the aforementioned defendants, and each of them.

6.      On information and belief one or more Defendant is the full or partial parent or owner of, a wholly or partially owned subsidiary or division of, the agent of, the alter egos of each other,

- 2 -
COMPLAINT

Law Offices of Jonathan J. Delshad, PC
11663 Sacadelle Blvd. Suite 220
Los Angeles, CA 90025

and/or subsidiaries or divisions of an unknown and unnamed parent or holding enterprise.

7.    Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has at all times relevant to this action been the officer, agent, employee and/or representative of the remaining Defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the Defendants.

8.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is responsible, jointly and severally, for the events and injuries described herein and caused damages thereby to Plaintiff as alleged herein as the operations of each Defendants together with the other ones consist of an integrated enterprise with centralized operations such that the parent has substantial control over the subsidiary's employment practices and the hiring and firing of employees.

9.    On information and belief, it further is alleged that the Defendants were at all times relevant hereto. the alter egos of each other such that to affirm the legal separateness of the Defendants for purposes of the claims presented in this action would lead to an injustice and/or inequitable result. There is a unity of interest and ownership between the company and its equitable owner(s) that the separate personalities of the company and its shareholders do not in reality exist. Defendants exhibit an interrelation of operations, commingling of funds, lack of observation of corporate formalities, undercapitalization, centralized control, common management, and common financial control such that they are an integrated enterprise and/or are alter egos. The company is a mere shell, instrumentality, and conduit through which the individual Defendant(s) carried on their business, exercising complete control and dominance of such business to the extent that any individuality or separateness of the Defendants does not and did not exist.

10.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned

Law Offices of Jonathan J. Delshad. PC
11663 San telle Blvd. Suite 220
Los Angeles, CA 90025

- 3 -
COMPLAINT

each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining Defendants.

## VENUE AND JURISDICTION

11.     The California Superior Court has jurisdiction in this matter due to Defendant's violation of, among other statutes, the California Labor Code, California Business & Professions Code, California Government Code, and related common law principles.

12.     The California Superior Court also has jurisdiction in this matter because the individual monetary damages and restitution sought herein exceed the minimal jurisdiction limits of the Superior Court and will be established at trial, according to proof.

13.     Venue is proper in Los Angeles County pursuant to CCP §395 (a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## FACTUAL ALLEGATIONS

14.     On or around July 2024, Plaintiff was hired by Defendant as an Emergency Medical Technician (EMT) to serve at the West Los Angeles Veterans Administration facility.

15.     Although hired as an EMT, Plaintiff's position primarily involved patient transportation.

16.     However, Plaintiff was hired pursuant to the understanding that her role would involve patient care consistent with standard EMT responsibilities.

17.     Plaintiff repeatedly reported her concerns regarding unsafe transportation practices. She observed and documented conditions wherein vulnerable patients—including elderly individuals with dementia and those at risk of medical deterioration—were transported on "gurney ambulance

- 4 -
COMPLAINT

buses" under conditions that compromised their safety. Specifically, Plaintiff reported:

    a.    Patients being tied down in a manner resembling cargo handling,

    b.    Instances where patients were loaded onto vehicles unsecured,

    c.    Buses lacking essential medical equipment and climate control, resulting in hazardous conditions for patients and employees alike.

18.    Plaintiff communicated these concerns to her supervisor Miguel Flores, mobility manager Shawn Kallmeyer, business administrator Lorraine Lozano, and Chief Health Administrator Linda Surapruik both orally and in writing.

19.    Throughout October and November 2024, Plaintiff diligently documented and conveyed additional unsafe conditions, including extreme bus temperatures and broader deficiencies in work conditions and standard operating procedures, all of which posed serious health and safety risks both to employees and patients alike.

20.    Rather than remedying the unsafe conditions, Defendant responded by retaliating against Plaintiff. On December 10, 2024, Plaintiff was informed by another employee that she was being terminated, allegedly due to attendance issues, which Plaintiff contends was a pretext for retaliation following her protected communications.

21.    Defendant's actions in failing to investigate and address the reported safety issues, in combination with retaliatory termination, demonstrate a disregard for both employee safety and legally protected whistleblower rights.

## FIRST CAUSE OF ACTION

## RETALIATORY TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

22.    Plaintiff incorporates by reference and realleges herein each and every one of the

- 5 -

COMPLAINT

allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

23. At all times relevant to this Complaint, it has been the public policy of the State of California to prevent retaliation against employees who make protected complaints about illegal activity.

24. It is unlawful for an employer to terminate an employee when the discharge of the employee contravenes the dictates of public policy. *Tameny v. Atlantic Richfield Co.* 27 Cal.3d 167, 176-177. (Cal. 1980).

25. Plaintiff claims that she was discharged from her employment with Defendant for reporting conduct that violates public policy.

26. The Legislature has explicitly provided that, under California Labor Code Section §6400, employers are required to furnish a place of employment that is "safe and healthful" for the employees therein.

27. Leading up to the time of the discharge, Plaintiff was employed by Defendant.

28. Plaintiff engaged in a protected activity by opposing and complaining about unsafe working conditions that Defendant, by and through its employees, maintained.

29. Defendant discharged Plaintiff.

30. Plaintiff's reporting said conditions was a substantial motivating reason for Plaintiff's discharge.

31. As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, and anxiety, and has been generally damaged in an amount to be ascertained at the time of trial.

32. The acts of Defendants, and each of them, were undertaken for improper purposes as

- 6 -

COMPLAINT

alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of Plaintiff's rights, and were designed and intended to cause and did, in fact, cause Plaintiff to suffer economic damages, physical pain and injury, and substantial emotional distress and therefore justify the awarding of substantial exemplary and punitive damages. The Defendants' conduct described herein was engaged by managing agents for Defendant and/or ratified by managing agents.

33. As a result of the termination, Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## RETALIATORY TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

34. Plaintiff incorporates by reference and realleges herein each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

35. At all times relevant to this Complaint, it has been the public policy of the State of California to prevent retaliation against employees who make protected complaints about illegal activity.

36. It is unlawful for an employer to terminate an employee when the discharge of the employee contravenes the dictates of public policy. *Tameny v. Atlantic Richfield Co.* 27 Cal.3d 167, 176-177. (Cal. 1980).

37. Plaintiff claims that she was discharged from her employment with Defendant for reporting conduct that violates public policy.

38. The Legislature has explicitly provided that, under Health and Safety Code Section §1278.5, it is a violation of public policy to maintain unsafe patient care practices and conditions.

- 7 -

COMPLAINT

39.    Leading up to the time of the discharge, Plaintiff was employed by Defendant.

40.    Plaintiff engaged in a protected activity by opposing and complaining about the unsafe transport and care of patients that Defendant, by and through its employees, was responsible for.

41.    Defendant discharged Plaintiff.

42.    Plaintiff's refusal to remain complacent with unsafe patient care practices was a substantial motivating reason for Plaintiff's discharge.

43.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, and anxiety, and has been generally damaged in an amount to be ascertained at the time of trial.

44.    The acts of Defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of Plaintiff's rights, and were designed and intended to cause and did, in fact, cause Plaintiff to suffer economic damages, physical pain and injury, and substantial emotional distress and therefore justify the awarding of substantial exemplary and punitive damages.    The Defendants 'conduct described herein was engaged by managing agents for Defendant and/or ratified by managing agents.

45.    As a result of the termination, Plaintiff was damaged in an amount to be determined at trial

## THIRD CAUSE OF ACTION

## RETALIATORY TERMINATION IN VIOLATION OF PUBLIC POLICY

## (Against all Defendants)

46.    Plaintiff incorporates by reference and realleges herein each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

- 8 -
COMPLAINT

47.    At all times relevant to this Complaint, it has been the law of the State of California to prevent retaliation against employees who disclose information about the employer's working conditions.

48.    It is unlawful for an employer to terminate an employee when the discharge of the employee contravenes the dictates of public policy. *Tameny v. Atlantic Richfield Co.* 27 Cal.3d 167, 176-177. (Cal. 1980).

49.    Plaintiff claims that she was discharged from her employment with Defendant for reporting conduct that violates public policy.

50.    The Legislature has explicitly provided that, under Labor Code § 232.5, it is a violation of public policy to discharge an employee who discloses information about the employer's working conditions.

51.    Leading up to the time of the discharge, Plaintiff was employed by Defendant.

52.    Plaintiff engaged in a protected activity by reporting the unsafe transport and care of patients that Defendant, by and through its employees, was responsible for.

53.    Defendant discharged Plaintiff.

54.    Plaintiff's reporting of unsafe patient care practices was a substantial motivating reason for Plaintiff's discharge.

55.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, and anxiety, and has been generally damaged in an amount to be ascertained at the time of trial.

56.    The acts of Defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of Plaintiff's rights, and were designed and intended to cause and did, in fact, cause

- 9 -
COMPLAINT

Plaintiff to suffer economic damages, physical pain and injury, and substantial emotional distress and therefore justify the awarding of substantial exemplary and punitive damages. The Defendants 'conduct described herein was engaged by managing agents for Defendant and/or ratified by managing agents.

57.    As a result of the termination, Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## RETALIATION PURSUANT TO LABOR CODE § 6310

## (Against all Defendants)

58.    Plaintiff incorporates by reference and realleges herein each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

59.    Plaintiff was an employee of Defendant.

60.    That Plaintiff. on her own behalf and on behalf of other employees employed by Defendant, as well as by patients under Defendant's care, made written and oral complaints to supervisor Miguel Flores, mobility manager Shawn Kallmeyer, business administrator Lorraine Lozano, and Chief Health Administrator Linda Surapruik regarding unsafe working conditions at Defendant.

61.    Thereafter, Defendant discharged Plaintiff.

62.    Plaintiff's complaints regarding patient and employee safety was a substantial motivating reason for Defendant's decision to discharge Plaintiff.

63.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, and anxiety, and has been generally damaged in an amount to be ascertained at the time of trial.

64.    The acts of Defendants, and each of them, were undertaken for improper purposes as

COMPLAINT

Law Offices of Jonathan J. Delshad, PC
11663 San telle Blvd. Suite 220
Los Angeles, CA 90025

alleged above and were willful, wanton, deliberate. malicious. oppressive, despicable, in conscious disregard of Plaintiff's rights, and were designed and intended to cause and did, in fact, cause Plaintiff to suffer economic damages, physical pain and injury, and substantial emotional distress and therefore justify the awarding of substantial exemplary and punitive damages. The Defendants 'conduct described herein was engaged by managing agents for Defendant and/or ratified by managing agents.

65.    As a result of the termination, Plaintiff was damaged in an amount to be determined at trial

## FIFTH CAUSE OF ACTION

### RETALIATION – LABOR CODE §1102.5

### (Against all Defendants)

66.    Plaintiff incorporates by reference and realleges herein each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

67.    Pursuant to Labor Code §1102.5, it is unlawful for an employer to retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute or violation of or noncompliance with a local. state, or federal rule or regulation.

68.    Plaintiff hereby claims that Defendant discharged her in retaliation for her refusal to participate in Defendant's unsafe work environment and patient care practices.

69.    Defendant was Plaintiff's employer at the time of the retaliation.

70.    Plaintiff complained about unsafe patient care practices and reported the illegality of such practices to Defendant's employees or representatives.

- 11 -
COMPLAINT

71.    Plaintiff's required participation in said unsafe patient care practices resulted in a violation of federal regulations.

72.    Defendant discharged Plaintiff.

73.    Plaintiff's complaint regarding unsafe patient care practices and work environment was a contributing factor in Defendant's decision to discharge Plaintiff.

74.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, and anxiety, and has been generally damaged in an amount to be ascertained at the time of trial.

75.    The acts of Defendants, and each of them, were undertaken for improper purposes as alleged above and were willful, wanton, deliberate, malicious, oppressive, despicable, in conscious disregard of Plaintiff's rights, and were designed and intended to cause and did, in fact, cause Plaintiff to suffer economic damages, physical pain and injury, and substantial emotional distress and therefore justify the awarding of substantial exemplary and punitive damages. The Defendants 'conduct described herein was engaged by managing agents for Defendant and/or ratified by managing agents.

76.    As a result of the termination, Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1.    For special, general, and compensatory damages according to proof at trial;

2.    For punitive damages according to proof at trial;

3.    For reasonable attorneys' fees, expert witness fees, and other litigation expenses pursuant to law;

4.    For injunctive relief where the court deems appropriate;

- 12 -
COMPLAINT

5.      For all other relief the Court deems appropriate and just:

6.      For a total amount of damages exceeding $3,000,000.


Respectfully submitted,

Dated: March 28, 2025

By: _____
Jonathan J. Delshad, Esq.
Attorney for Plaintiff
ALEXANDRA POSS

Law Offices of Jonathan J. Delshad, PC
11663 San Vicente Blvd. Suite 220
Los Angeles, CA 90025

- 13 -

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|

Law Offices of Jonathan J. Delshad
Jonathan J. Delshad (SBN 246176)
1663 Sawtelle Blvd, Suite 220
Los Angeles, CA 90025
TELEPHONE NO: 424-255-8376     FAX NO: 424-256-7899
ATTORNEY FOR (Name): Alexandra Poss

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Poss v. Sanford Federal, Inc., et. al.

**To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.**

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/28/2025 10:26 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Ruiz, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited | [ ] Counter   [ ] Joinder | 25STCV09244 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 28, 2025

Jonathan J. Delshad
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**Print This Form**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

**Clear This Form**

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| Poss v. Sanford Federal. Inc., et. al. | Electronically FILED by Superior Court of California, County of Los Angeles 3/28/2025 10:26 AM David W. Slayton, Executive Officer/Clerk of Court, By S. Ruiz, Deputy Clerk | 25STCV09244 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                          **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Poss v. Sanford Federal. Inc., et. al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Poss v. Sanford Federal, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Poss v. Sanford Federal. Inc., et. al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23        **CIVIL CASE COVER SHEET ADDENDUM**        LASC Local Rule 2.3
For Mandatory Use            **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Poss v. Sanford Federal. Inc., et. al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: | 111 N. Hill St. |
|---|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 03/28/2025

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23    **CIVIL CASE COVER SHEET ADDENDUM**    LASC Local Rule 2.3
For Mandatory Use    **AND STATEMENT OF LOCATION**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>03/28/2025<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By _____ S. Ruiz _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV09244 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Teresa A. Beaudet | 50 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 03/28/2025 _____    By S. Ruiz _____, Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## <u>INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

## TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

## ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

## DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

## WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

### Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

# EXHIBIT C

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jonathan       Delshad (SBN 246176)
Law Offices of Jonathan J. Delshad, PC
1663 Sawtelle Blvd #220   Los Angeles, CA 90025

TELEPHONE NO.: (424) 255-8376 | FAX NO.  | E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff: ALEXANDRA POSS

FOR COURT USE ONLY

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/03/2025 4:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Lopez, Deputy Clerk

**LOS ANGELES COUNTY SUPERIOR COURT - STANLEY MOSK COURTHOUSE**

STREET ADDRESS: 111 NORTH HILL STREET

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME:

PLAINTIFF:  ALEXANDRA POSS

DEFENDANT:  SANFORD FEDERAL, INC., et al.

CASE NUMBER:

25STCV09244

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: ALEXANDRA POSS |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):*  **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE**

3. a. Party served *(specify name of party as shown on documents served):*
   **SANFORD FEDERAL, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **KRISTIE BRIGGS IS AUTHORIZED TO ACCEPT ON BEHALF OF NORTHWEST REGISTERED AGENT - AGENT FOR SER**

4. Address where the party was served:  **2108 N St Ste N
   Sacramento, CA 95816-5712**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **4/2/2025**   (2) at *(time):* **4:00 PM**
   **Age: 31-35 Weight: 161-180 Hair: BLONDE Sex: Female Height: 5'1-5'6 Eyes:  Race: CAUCASIAN**

   b. ☐ **by substituted service.**  On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*          **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/1567493

# EXHIBIT D

SHAREEF S. FARAG, SBN 251650
TODD J. CANNI, SBN 311199
MATTHEW J. GOODMAN, SBN 316286
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone:    310.820.8800
Facsimile:    310.820.8859
Email:    *sfarag@bakerlaw.com*
          *tcanni@bakerlaw.com*
          *mgoodman@bakerlaw.com*

*Attorneys for Defendant*
SANFORD FEDERAL, INC.

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/02/2025 8:06 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| ALEXANDRA POSS, individually,<br><br>    Plaintiff,<br><br>  v.<br><br>SANFORD FEDERAL, INC., Does 1 through 50, inclusive<br><br>    Defendants. | Case No.: 25STCV09244<br><br>*[Assigned to Hon. Teresa A. Beaudet for all purposes, Dept. 50]*<br><br>**DEFENDANT SANFORD FEDERAL, INC.'S ANSWER TO PLAINTIFF ALEXANDRA POSS' *UNVERIFIED* COMPLAINT**<br><br><br><br>Action Filed:    March 28, 2025<br>Complaint Served:    April 2, 2025 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

SANFORD FEDERAL, INC. ("Defendant") answers the *unverified* Complaint ("Complaint") of ALEXANDRA POSS ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30, Defendant denies, generally and specifically, each and every allegation and purported causes of action set forth in Plaintiff's Complaint and further denies that Plaintiff has been damaged in the manner alleged or at all. Defendant also denies that it is liable to Plaintiff in any amount or manner whatsoever.

## AFFIRMATIVE DEFENSES

Defendant, without in any way admitting any allegation of the Complaint, also alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The purported causes of action in the Complaint fail to include facts sufficient to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

2.      Any potential recovery by Plaintiff is barred or, at a minimum, limited by the doctrine of avoidable consequences.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

3.      If Plaintiff has suffered any damages as a result of the facts alleged in the Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to take all reasonable and necessary care and diligence to mitigate or minimize the damages alleged.

///

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Party)

4.      Plaintiff has failed to join the Department of Veteran Affairs, which is a party necessary for the just adjudication of Plaintiff's alleged claims, and whom was responsible, among other things, for directing that Defendant terminate Plaintiff's employment due to dissatisfaction with Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Alleged Emotional Distress Caused by Outside Factors)

5.      Defendant alleges that if Plaintiff has suffered any emotional distress, which Defendant denies, such emotional distress was proximately caused by factors other than Plaintiff's employment, the alleged actions of Defendant, or anyone acting on Defendant's behalf.

## SIXTH AFFIRMATIVE DEFENSE

### (No *Respondeat* Superior Liability)

6.      If an employee of the Defendant committed the wrongful conduct alleged in the Complaint, although such conduct is not admitted, such conduct was committed outside the scope of employment and not by agents of Defendant and, thus, Defendant is not liable for such acts.

## SEVENTH AFFIRMATIVE DEFENSE

### (Business Judgment/Managerial Discretion)

7.      The purported causes of action in the Complaint are barred, in whole or in part, because Defendant acted in accordance with reasonable and sound business judgment and justly and properly exercised its managerial discretion.  All employment decisions affecting Plaintiff were based on legitimate and non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.      The purported causes of action in the Complaint is barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, California Code of Civil Procedure §§ 335.1, 338.

///

- 3 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

9.     The purported causes of action in the Complaint are barred, in whole or in part, on the ground that Plaintiff entered into this litigation with unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Wrongful Conduct of Others)**

10.     The purported causes of action in the Complaint are barred, in whole or in part, because if Plaintiff suffered damages, which Defendant denies, such damages were caused by the wrongful or negligent conduct of Plaintiff, someone acting on Plaintiff's behalf, or third parties for whose actions Defendant is not liable.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

11.     The purported causes of action in the Complaint are barred, in whole or in part, by the equitable doctrine of laches inasmuch as Plaintiff has inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

12.     Plaintiff, by her own actions, has waived, in whole or in part, each purported cause of action in the Complaint and is now estopped from bringing such causes of action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

13.     The purported causes of action in the Complaint are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

14.     Defendant made all employment decisions concerning Plaintiff based on legitimate, non-retaliatory reasons, and therefore, even if there is a finding that its decision was motivated in part by retaliatory reasons (which Defendant expressly denies), such allegedly

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

unlawful motive was not a substantial factor motivating the adverse employment action. Thus, Plaintiff is not entitled to damages, back pay, or any other remedies provided by law. (See *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 241.)

## FIFTEENTH AFFIRMATIVE DEFENSE

### (California Labor Code § 1102.6 Defense)

15. Plaintiff's cause of action for retaliation in violation of California Labor Code § 1102.5 is barred because any alleged action concerning Plaintiff would have occurred for legitimate, independent reasons even if Plaintiff had not engaged in activities protected by California Labor Code § 1102.5. (See Cal. Lab. Code § 1102.6; see also *Lawson v. PPG Architectural Finishes, Inc.* (2022) 12 Cal.5th 703, 718.)

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Utilize Internal Preventative/Corrective Measures)

16. The purported causes of action in the Complaint are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of the internal preventative or corrective measures available to her.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Defense)

17. Plaintiff is barred from recovery by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent)

18. The purported causes of action in the Complaint are barred, in whole or in part, to the extent that Plaintiff consented to the unlawful conduct alleged in the Complaint.

///

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

## NINETEENTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

19.    Plaintiff is limited from pursuing this action in Court to the extent Plaintiff entered into an agreement to arbitrate any claims, disputes, or disagreements with Defendant, including the claims alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Grounds for Punitive Damages)

20.    Defendant is not guilty of malice, fraud, or oppression against Plaintiff and, therefore, Plaintiff is not entitled to punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

21.    An award of punitive damages in this action would violate Defendant's due process and equal protection rights under the United States Constitution and California Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

22.    Plaintiff's claims for damages for emotional distress and any physical injury she allegedly suffered in the workplace are preempted by exclusive remedy provisions under California Labor Code § 3600 *et seq*.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Future Defenses)

23.    Defendant reserves the right to amend this pleading to include further affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1.    That the Complaint be dismissed with prejudice;

2.    That Plaintiff take nothing by reason of her Complaint;

3.    That judgment be rendered in favor of Defendant;

4.    For costs of defending the suit; and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

5.    For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  May 2, 2025                          **BAKER & HOSTETLER LLP**


By:    */s/ Matthew J. Goodman*
       SHAREEF S. FARAG
       TODD J. CANNI
       MATTHEW J. GOODMAN

*Attorneys for Defendant*
SANFORD FEDERAL, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT SANFORD FEDERAL, INC.'S ANSWER TO PLAINTIFF'S *UNVERIFIED* COMPLAINT
CASE NO. 25STCV09244

**PROOF OF SERVICE**

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067.

On May 2, 2025, I served a copy of the within document(s):  **DEFENDANT SANFORD FEDERAL, INC.'S ANSWER TO PLAINTIFF ALEXANDRA POSS'** *UNVERIFIED* **COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| ☑ | **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e)) |
| ☑ | **BY EMAIL**:  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth above. |

Jonathan J. Delshad
jdelshad@delshadlegal.com
**Law Offices of Jonathan J. Delshad, PC.**
1663 Sawtelle Blvd., Suite 220
Los Angeles, CA 90025
Telephone: (424) 255-8376
Facsimile: (424) 256-7899

*Attorney for Plaintiff*
ALEXANDRA POSS

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 2, 2025, at Los Angeles, California.

_____
*/s/ Jessica Williams*
Jessica Williams

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067.

On May 2, 2025, I served a copy of the within document(s): **DEFENDANT SANFORD FEDERAL, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| ☑ | **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth above.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☑ | **BY EMAIL**:  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth above. |

Jonathan J. Delshad
jdelshad@delshadlegal.com
**Law Offices of Jonathan J. Delshad, PC.**
1663 Sawtelle Blvd., Suite 220
Los Angeles, CA 90025
Telephone: (424) 255-8376
Facsimile: (24) 256-7899

*Attorney for Plaintiff*
ALEXANDRA POSS

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 2, 2025, at Los Angeles, California.

_____
*/s/ Jessica Williams*
Jessica Williams

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE